UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JERMARRO DANTZLER,**

          **Petitioner,**

          v.                    Case No. 23-CV-755

**LIZZIE TEGELS,**
**Warden, Jackson Correctional Institution,**

          **Respondent.**

---

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

---

Petitioner Jermarro Dantzler, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

According to his petition, Dantzler was charged with one count of first-degree sexual assault of a child and entered a plea of not guilty. (ECF No. 1 at 2.) On October 4, 2016, he changed his plea to no contest to a reduced charge of second-degree sexual

assault and he was sentenced on November 21, 2016. (ECF No. 1 at 2.) The circuit court on August 31, 2021, denied Dantzler's motion for post-conviction relief, and he appealed. (ECF No. 1 at 3.) On October 26, 2021, the court of appeals affirmed Dantzler's conviction. (ECF No. 1 at 3.) The Wisconsin Supreme Court denied Dantzler's petition for review on March 16, 2022. (ECF No. 1 at 3.) Dantzler's conviction became final 90 days later when, on June 14, 2022, the deadline for seeking review by the United States Supreme Court passed. *See* Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Dantzler had one year from that date, *i.e.*, until June 14, 2023, in which to file a petition for a writ of habeas corpus. The court received his petition on June 11, 2023. Thus, his petition appears timely.

Having reviewed Dantzler's petition, the court is unable to say that it is plainly apparent that he is not entitled to relief. Therefore, the respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Dantzler shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Dantzler may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Dantzler's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, Dantzler shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 27th day of June, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge